## No. 13,580.

### PIERRE LOUIS CARRIERRE vs. R. McWILLIAMS, LIMITED.

#### SYLLABUS.

In an action for damages, the evidence showed that the machinery of the defendant company had not been entirely completed. The defendant was present while it was being erected and took part in the work of erecting it. While one of the machines of which he had charge as the assistant of the foreman, was being operated, he failed to exercise the care and prudence which, ordinarily, an operative should observe.

Plaintiff had been employed sufficiently long to know how to adjust a set-screw on the collar of an horizontal shaft and to know the precaution necessary to be taken in returning it to its proper place when it had dropped out. The evidence shows that with ordinary care and prudence he might have escaped injury.

One who chooses to perform this duty without applying the clutch or hand lever, who also fails to stop with his work when the substitute for a belt shifter falls and who holds on to the set-screw after the shaft begins to turn in obedience to the friction of a belt which shifts from a slack to a fast pulley, is not in a situation to render his employer legally liable for the injury received.

The employe, who is eighteen years of age, has not, on that account alone, a greater right to recover damages for an injury than one of age. He was old enough, and had had experience enough, to judge of the danger for himself.

APPEAL from the Civil District Court, Parish of Orleans—
Ellis, J.

*Charbonnet & Marrero* and *William J. Waguespack* for Plaintiff, Appellant.

*Harry H. Hall* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J.   This is an action for damages arising from an injury received by plaintiff in the year 1898, while at work for defendant in its paint factory.

The amount claimed by plaintiff is five thousand dollars for the loss of four fingers off his left hand and the consequent pain and suffering endured.

When the accident happened, plaintiff was about eighteen years of age.   He was employed by the defendant corporation to work in its

paint factory and especially in operating certain paint grinding machines and mills, and had been employed at this particular work for about two months. These paint grinders are described as being discs of stone, moved by cog-wheels fastened to a shaft made to revolve by a belt. This belt is shifted from a fast to a loose pulley and in that way the cog-wheels and grinders are stopped.

The following is a cut of the machine:

J′ is the loose pulley and J is the fast pulley. The belt, in order to stop the machine, is shifted from the fast to the loose pulley. When the belt is shifted, the grinder will not work. To shift the belt from the fast to the loose pulley and stop the machine, ordinarily, a belt shifter is used, consisting of a wooden or iron frame with a slide with holes bored in it in order, after the belt has been shifted, to insert pins or fasteners to hold back the belt and prevent it from slipping back to the fast pulley. The bent of this belt is always to slip back to the fast pulley, and, for that reason, iron pins are used to hold it on the loose pulley, especially when something is being done in the way of repairs or anything else requiring those in charge of these machines to touch any part of the machine that is dangerous, if touched when the machine is being operated. A substitute for this shifter was being used by the defendant, and not the regular shifter.

On the day of the accident, and just before it happened, plaintiff avers, in substance, that he, as was his duty, was grinding paint (the grinder, it follows, was in motion); that he realized that there was

something unusual in the running of the machine; that he shifted the belt with the appliance used for a shifter in order, as he conceived, to prevent some serious accident or breakage of the machine. It was then that he saw, as he thought, the cause of the jerking or irregular motion of the machine; the jerking and halting was, he avers, owing to the fact that a set screw attached to the collar on the shaft had fallen out. He says that the cogs did not join to one another, being loose on the shaft, and this was brought about by the fact that the set screw which held the collar under the small cog-wheel had slipped out. This set screw is fixed on to the collar on the shaft on the left and just below the cog-wheels.

Instead of a belt shifter, the substitutes consisted of a board which was placed between two paint barrels (i. e., the end of the board was held between the barrels).

It appears that the machine had, in addition to other necessary appliances, a clutch or brake or hand-lever by which the two cog-wheels were disconnected and stopped. It also appears by the evidence that plaintiff knew how to use this clutch or brake to stop the grinder from running. He had been taught how to throw it off, as before stated, by the foreman. The plaintiff had, at different times, used this clutch to throw the gearing off and on. There were no witnesses present at the time of the accident. Plaintiff says that the set-screw on the before mentioned collar pulled his hand so that it was caught between the cog-wheels and in that way he lost four of his fingers. As relates to the shifter, defendant's counsel stated, in argument, that the plant was not yet completed and that the shifters were put in about one week after the accident and resulting injury.

The case was tried before a jury. The verdict was found in favor of the defendant. From the verdict of the jury, and the judgment of the court, plaintiff prosecutes this appeal.

The work that plaintiff had in hand requires some precaution and care. The operative who is in charge of machinery, while it is in motion, is always more or less in danger of meeting with an accident. It behooves him always, within the bounds of reason, to minimize whatever risk of the occupation he has to encounter. If plaintiff was reasonably prudent and careful, the testimony does him great injustice. He had been at work in defendant's factory a sufficient length of time for him to know enough about the machinery not to expose himself unnecessarily to an accident. The machinery was new, and, while it

was being erected, plaintiff was present and assisted in the work. He helped to adjust the machine in question to the shaft.

The testimony of the witnesses lead to the unavoidable inference that he, as it were, ran into danger by undertaking, as he did, to adjust the set-screw to the cog-wheel on the shaft.

Plaintiff did not use the clutch which would have greatly lessened the risk of accident.

He says that it was out of repair or difficult to handle. He is not corroborated in this statement, and if it was as he stated he yet would not be relieved from the necessity of proving that he had not, in other respects, become indifferent to the danger in presence of the fact that the weight of the testimony proves the contrary. Plaintiff's attempt at rebutting defendant's testimony failed.

Plaintiff sought to show that after the belt slipped from the loose pulley, as he contends it did, to the fast pulley, immediately the revolutions of the shaft were communicated and felt by all the parts of the machine and that, in consequence, his hand thereby became exposed to the injury he suffered.

An experienced millwright, familiar with machinery and with defendant's factory, said, as a witness, that the shaft is not immediately placed in *full* motion. At first the movement is slow, not near its full speed, which is one hundred and twenty-five revolutions to the minute. He stated that there is nothing in the character of the set-screw, when the shaft starts, which prevents one who is attempting to adjust it from letting it go. This witness swore that he had often released his hold on parts of the machinery when put in motion without receiving the least injury.

In giving an account of the accident as a witness, plaintiff said, in substance, that he sought to adjust the set-screw with his left hand and while in the act of adjusting it, the board holding the belt on the loose pulley fell on the floor and immediately the shaft rapidly revolved and the set-screw, revolving with it, caught the fingers on his left hand and crushed them. The unfortunate young man has not succeeded in making it clearly appear, in the eyes of other witnesses who testified upon the subject, why it was, in a work requiring precision, that he used his left hand instead of his right hand. It does seem that, after the board used to hold the belt in check had fallen to the floor, plaintiff had ample time to withdraw his hand.

The witnesses, except plaintiff, all testify, that if a set-screw falls out of the collar-set on the shaft, it has no such effect on the machine as

described by plaintiff; that the machine would not stop, halt, and jerk, making a great noise. This testimony gives rise to the inference that plaintiff sought to adjust the set-screw on the upper cog-wheel, or just above it, and that in thus working, his left hand was caught by the cogs and injured as before mentioned.

One of the witnesses said that plaintiff told him some time after the date of the accident, after he, plaintiff, had recovered from his injuries, that he was screwing the screw on top of the large cog-wheel when his hand was caught, as before stated. The act of putting on and adjusting the screw on the upper cog-wheel presents an entirely different question; one, it seems, from which it cannot be inferred that the defendant was liable in damages. To another witness, the plaintiff said that the accident was due to his own carelessness.

But the plaintiff says that he only did, in attempting to adjust this set-screw, what he had seen the foreman and other employees do. We do not infer from the testimony that the foreman and other employees ever attempted to adjust the set-screw in the manner we judge the plaintiff attempted to do the work. This contntion of the plaintiff in this respect, is at variance with the weight of the testimony. An employee eighteen years of age is not, on that account, entitled to damages, if the evidence shows that he has not been ordinarily careful in handling a machine in his charge. The duty was not one that a minor, ordinarily careful, was not a proper person to perform.

We have noted that this case was tried by a jury. In due time, after the verdict, an application was made for a new trial. In refusing this application, the judge of the District Court gave for reason that no objection was made, nor exception taken, to the charge; that the case was submitted to a jury of intelligent men who appeared to act with due deliberation, and that their verdict was unanimous; and that he was not prepared to say that there was error in their finding.

We also have given this case our most careful consideration, and have not found that the defendant can be held in damages. It only remains for us to affirm the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.